Law Offices of
ISABEL M. AMSEL
238 E. 12th St.
Tucson, Arizona 85701
 (AZ Bar No. 023945)
Email: *isabelamsel@outlook.com*
Telephone: (520) 400-0721
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR20-780-JGZ-1 |
|---|---|
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| Cristian Rodriguez-Dorama | |
| Defendant. | |

COMES NOW the defendant, Cristian Rodriguez-Dorame, by and through undersigned Counsel, and provides this memorandum and requests this Court consider the arguments contained herein during sentencing.

**MEMORANDUM**

**INTRODUCTION**

The defendant, Cristian Rodriguez-Dorame, pled guilty to Transportation of Illegal Aliens for Profit, a violation of 8 USC §1324(a)(1)(A)(ii) and (B)(i). He pled guilty to an information and with a plea agreement.

The Pre-Sentence Investigation Report makes the following calculations: a base offense level of 12; an increase to level 16 for creating a risk of death or serious injury due to fleeing and an crash into a guardrail (no one was injured); and a 3-level total decrease for acceptance of responsibility, which brings the total offense level to 15. The defendant has a criminal history score of 0, thereby establishing a Criminal History Category I. The guidelines range calls for 18-24 months imprisonment. The plea agreement range is 10-16 months. The PSI recommends a sentence of 10 months to be followed by 3 years of supervised release. The plea agreement allows the Court to vary downward without government withdrawal from the agreement.

**Facts of Offense and Mitigation 18 U.S.C. § 3553**

Courts need not find any extraordinary circumstance to sentence a defendant outside the guidelines range, once courts correctly calculate the guidelines and make an individualized determination of a sentence that meets sentencing objectives. *United States v. Booker*, 543 U.S. 200, 125 S. Ct. 728 (2005); 18 U.S.C. § 3553. *Gall v. United States*, 522 U.S. 38, 47, 128 S. Ct. 586, 595 (2007).

In determining the sentence, the sentencing court should: (1) calculate the correct guidelines range; (2) determine whether to depart by considering Chapter Five, parts H and K, and any other policy statement or commentary in the Guidelines Manual; and (3) determine whether to impose a "variance" sentence by considering the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. §1B1.1, Application Instructions (2012).

Counsel acknowledges that Mr. Rodriguez-Dorame drove the vehicle at high speed when border patrol tried to stop him and crashed into a guardrail. Thankfully, no one was injured. The PSR describes the client's statements which relate how he became

involved in the offense, and specifically that one of the aliens got into the front passenger seat and appeared to be acting as a guide for the group – he gave orders to the defendant, and yelled at him to "floor it" when border patrol encountered their vehicle.

The Court is asked to consider the following argument for mitigation.
When Cristian was a young child, he was brought to the United States illegally by his mother, and he grew up in Wilcox, Arizona.  He attended school and speaks English fluently.  Cristian established his own family and supported his wife and his son doing whatever day labor jobs he could find as well as traveling briefly to work away from home in construction when It was available.  He recently became the father of twins born healthy but premature.  It was their birth, the medical concerns and bills, and the ongoing increase needs of the family that precipitated this offense.

Leading up to the commission of this offense, Cristian had been feeling especially anxious and depressed, as well as pressured by his wife and mother-in-law to find employment after his work as a day laborer dried up. He reports having panic attacks in response to increased pressure from his living situation.  He responded to a friend on facebook and ended up in a situation where he was offered money to transport aliens – the men he met in regard to the agreement were armed and Cristian felt threatened by this, but nevertheless agreed to their proposal to pay him $1400.00 to drive some illegals within the area.

Cristian had landed in what appeared to be an organized group engaging in smuggling; Counsel believes the passenger in Cristian's vehicle was likely a guide, as he took charge and gave Cristian orders.

Cristian is a young man who grew up in simple circumstance with few advantages and in a small town where he was never exposed to illegal activities. Lacking street smarts of any kind, he was overwhelmed by what he found himself doing, and was very fearful.

Cristian wants the Court to know he never intended to cause anyone harm, and he followed directions to flee border patrol agents when ordered to do so because he 'froze'. He is deeply remorseful and ashamed that he is in his present situation. Being in prison has had a sobering and indeed traumatizing effect on him. He vows never to do anything that could put him in prison again.

When he was arrested, Karen, the defendant's wife and the mother of his 3 children refused to speak with him and was very angry. The family has since reconciled and made plans to live in Mexico with his grandmother in Nacozari De Grazia, Mexico. This town is about 3 hours by car to the U.S. border, and will allow Karen and the children to stay in contact with their maternal grandmother, who supports them and lived near them in Wilcox. With the family united in Mexico, both parents plan to focus on a simple life raising their newborn twins and older child.

Cristian knows he will be deported and will never be able to live in the United States legally; he knows he faces life in Mexico where he has never lived as an adult and has few contacts. Nevertheless, Cristobal looks forward to a future with his young family and to starting over.

**SENTENCING RECOMMENDATION**

Given all the characteristics of this defendant, Counsel suggests that a sentence of not more than 6 months is appropriate in this case. Additionally, a sentence of time served can be considered by the Court, especially given that this is the defendant's first and only

contact with law enforcement; his relatively gage and his naivete about getting involved in this offense; his young family and his motivation to care for them; and the collateral consequences of being removed to Mexico.  Counsel suggests time served is is sufficient to meet the goals of sentencing in this case, in particular with the ongoing public health crisis of the COVID19 pandemic and the extra need the defendant's wife and young children have of his protection and care.

RESPECTFULLY SUBMITTED this 4th day of May, 2020.

Law Offices of
ISABEL MICHELA AMSEL

*/s/Isabel Michela Amsel*
ISBAEL MICHELA AMSEL
Attorney for Defendant

Distribution:  All ECF Participants